Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E. Sprague Ave.
Spokane, WA 99202
(509) 413-1494
kmiller@millerlawspokane.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

TONI BARNES,

   Plaintiff,

   v.

NCO FINANCIAL SYSTEMS, INC., a foreign corporation, and TAMIA STOKES, an individual,

   Defendants.

Case No.: CV-12-676-TOR

COMPLAINT

[FDCPA]

## I. JURISDICTION

1.1 Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

1.2 This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

COMPLAINT -1

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

1.3   Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## II.    PARTIES

2.1   Plaintiff Toni Barnes is a natural person who resides in the county of Spokane, state of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2.2   Defendant NCO Financial Systems (hereinafter "NCO Financial") is a foreign corporation engaged in the business of collecting debt, with its principal place of business located in Norcross, Georgia. NCO Financial regularly conducts business in the state of Washington.

2.3   Defendant Tamia Stokes is a natural person who is employed by Defendant NCO Financial.

2.4   Defendant Tamia Stokes is a debt collector, as defined pursuant to FDCPA, 15 U.S.C. §1692(a)(6).

2.5   Defendant NCO Financial, through its employees, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692(a)(5).

2.6   The alleged debt that Defendant NCO Financial was attempting to collect was an alleged obligation of the Plaintiff to pay money arising

COMPLAINT -2

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

out of a transaction primarily for personal, family, or household purposes.

2.7 Defendant NCO Financial is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6).

2.8 Defendant NCO Financial is in the business of collecting debts.

2.9 Defendant NCO Financial uses interstate commerce and the mails for the collection of debts.

2.10 Defendant NCO Financial regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another using the telephone and mail.

### III.    FACTUAL ALLEGATIONS

3.1 Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

3.2 The debt that Defendant NCO Financial claims the Plaintiff owes is an alleged obligation to pay money arising out of a transaction for a student loan.

3.3 Plaintiff is permanently disabled from both physical and mental impairments.

3.4 Plaintiff has received social security benefits for over twenty years.

COMPLAINT -3

3.5 Plaintiff was last employed in or about 1996.

3.6 Plaintiff briefly attended Spokane Community College in and around 2001 but was unable to complete any program.

3.7 Plaintiff originally deferred repayment of her student loans until 2006.

3.8 Plaintiff was married June 12, 2004.

3.9 Plaintiff did not acquire any student loans during her marriage.

3.10 In 2006, Plaintiff applied to the United States Department of Education (hereinafter "Dept. of Education") for an administrative discharge of her student loans due to her disability.

3.11 Plaintiff's application for administrative discharge of her student loan obligation was supported by medical documentation.

3.12 In 2006, Plaintiff believed that she had completed all necessary paperwork that same year and that her student loans would be discharged after a waiting period.

3.13 Plaintiff received no communications from any person or entity regarding her student loans between 2007 and 2011.

3.14 In December 2011, Plaintiff received a dunning letter from Defendant NCO Financial dated December 5, 2011.

COMPLAINT -4

3.15  The December 5, 2011 dunning letter from Defendant claimed that twenty-eight thousand seven hundred fifty-seven dollars and eighty-four cents ($28,757.84) was due on Plaintiff's student loan.

3.16  Five thousand six hundred twenty-nine dollars and forty-five cents ($5,629.45) in "penalty charges" and four thousand eight dollars and eleven cents ($4908.11) in "interest" were included in the "Total Balance" claimed due in the December 5, 2011 dunning letter.

3.17  In response to the December 5, 2011 dunning letter from Defendant, Plaintiff Toni Barnes called and spoke with an employee of the Defendant who identified herself as "Jennifer".

3.18  Plaintiff Barnes stated to Jennifer that she didn't understand why Defendant was sending a collection letter to her.

3.19  Plaintiff Barnes stated to Jennifer that she believed her student loan obligation had been administratively discharged due to her disability.

3.20  Plaintiff Barnes disputed the debt.

3.21  Jennifer advised the Plaintiff to call the Dept. of Education to find out why her student loan obligation had not been discharged.

3.22  Plaintiff Barnes immediately called the Dept. of Education and spoke with a female representative.

COMPLAINT -5

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.23   Plaintiff Barnes inquired with the Dept. of Education representative why her student loan obligation had not been discharged due to her disability.

3.24   The female Dept. of Education employee stated to the Plaintiff that a required form was missing in the Dept. of Education system.

3.25   The female Dept. of Education employee stated to the Plaintiff that the Dept. of Education records showed no communications between the Dept. of Education and the Plaintiff since 2006.

3.26   The female Dept. of Education employee stated that new disability forms would be sent to the Plaintiff.

3.27   Plaintiff received the Dept. of Education disability forms in January 2012 and returned them completed with necessary medical documentation.

3.28   Plaintiff's student loans are currently deferred pending administrative discharge due to her disability.

3.29   Plaintiff's parent's primary residence is in Spokane, Washington.

3.30   Plaintiff's parents have a home in Yuma, Arizona, where they typically spend four months per year.

3.31   Plaintiff's parents left for their winter home in Yuma, Arizona, on December 26, 2011.

COMPLAINT -6

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.32   Plaintiff agreed to stop by her parents Spokane, WA house periodically while her parents were away to check phone messages and to make sure that the home is secure.

3.33   On January 14, 2012, Plaintiff visited her parent's Spokane, WA house and listened to her parent's answering machine messages.

3.34   The Plaintiff's January 14, 2012 visit to her parent's house was the first time Plaintiff entered the house or listened to her parent's answering machine since her parents left for Arizona.

3.35   One of the messages on Plaintiff's parent's answering machine that the Plaintiff heard on January 14, 2012 was left for the Plaintiff (hereinafter "the January 14, 2012 message")

3.36   The January 14, 2012 message did not identify the caller.

3.37   The January 14, 2012 message did not disclose that the communication is from a debt collector.

3.38   The January 14, 2012 message requested that Plaintiff call phone number 866-276-3167.

3.39   The phone number stated in the January 14, 2012 message is the direct telephone number for "Tamia Stokes".

3.40   Ms. Stokes is an employee of Defendant NCO Financial.

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.41  At all times relevant to this action, Ms. Stokes was acting within the course and scope of her duties as an employee of Defendant NCO Financial.

3.42  One of Ms. Stokes' job duties while working for Defendant NCO Financial is or was to collect debts or alleged debts that arose from transactions primarily for personal, family, or household purposes.

3.43  Ms. Stokes regularly uses instrumentalities of interstate commerce, including the telephone, to collect debts.

3.44  Tamia Stokes is a debt collector.

3.45  On January 14, 2012, Plaintiff called Tamia Stokes at the number stated in the January 14, 2012 message.

3.46  Tamia Stokes did not answer her telephone when the Plaintiff called on January 14, 2012 and Plaintiff did not leave a voice message for Ms. Stokes.

3.47  On January 16, 2012, the following Monday, Plaintiff called Ms. Stokes at approximately 9:30 A.M.

3.48  Ms. Stokes stated to Plaintiff Barnes that she was collecting on the Plaintiff's student loan.

3.49  Ms. Stokes stated that the Plaintiff's account was "in garnishment".

COMPLAINT -8

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax: (509) 413-1724

3.50  Ms. Stokes stated that if the Plaintiff wanted to get out of "garnishment" that the Plaintiff could set up payment arrangements.

3.51  Plaintiff told Ms. Stokes that she could not afford to make payments.

3.52  Ms. Stokes threatened Plaintiff Barnes that if she did not make payment arrangements then the Defendant could garnish up to twenty-five percent (25%) of her social security income.

3.53  Plaintiff Barnes receives six hundred fifty-one dollars ($651.00) per month from social security.

3.54  Plaintiff's income from social security is less than nine thousand dollars ($9,000.00) per year.

3.55  All of Plaintiff's income from social security is exempt from garnishment.

3.56  Defendant has never been authorized by the United States government or any agency thereof to garnish any money from the Plaintiff.

3.57  Defendant has never been authorized by any entity to garnish any money held by the Plaintiff.

3.58  No law or contract allows the Defendant to garnish any amount of the Plaintiff's income derived from social security.

3.59  Garnishing any amount of the Plaintiff's social security money would be illegal.  42 U.S.C. § 407(a); 31 U.S.C. § 3716(c)(3)(A)(i).

COMPLAINT -9

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.60 Ms. Stokes also stated that the Defendant could garnish the Plaintiff's taxes.

3.61 Plaintiff Barnes understood Ms. Stokes' threat to mean that her and her husband's 2011 income tax return would be garnished by the Defendant.

3.62 Ms. Stokes intended to threaten the Plaintiff that the Plaintiff's 2011 income tax return would be garnished by the Defendant.

3.63 Ms. Stokes' statement that the Plaintiff's taxes would be garnished was false and misleading.

3.64 In January 2012, Defendant was not authorized or otherwise legally allowed to garnish the Plaintiff's income tax return.

3.65 The Defendant has never been authorized by the Unites States government or any other entity to garnish the Plaintiff's income tax return.

3.66 Ms. Stokes stated that if the Plaintiff agreed to make payments to the Defendant, then the Plaintiff's social security income would not be garnished by the Defendant.

3.67 Ms. Stokes threat to garnish Plaintiff's social security was a false statement.

COMPLAINT -10

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax: (509) 413-1724

3.68   Ms. Stokes threat to garnish Plaintiff's social security income was a misleading statement.

3.69   In January 2012 Defendant was not authorized or otherwise legally allowed to garnish the Plaintiff's social security income.

3.70   At no time has the Defendant been authorized or otherwise legally allowed to garnish the Plaintiff's social security income.

3.71   Plaintiff was terrified by the Defendant's threat to garnish her social security income.

3.72   Ms. Stokes directed the Plaintiff to provide information about the Plaintiff's monthly expenses.

3.73   Plaintiff Barnes reiterated that she cannot afford payments and stated to Ms. Stokes that she wanted to discuss the matter with her husband.

3.74   Ms. Stokes stated that the Plaintiff needed to make payment arrangements immediately to avoid garnishment of the Plaintiff's social security money.

3.75   Ms. Stokes' statement that payment arrangements with the Defendant were needed to prevent garnishment of the Plaintiff's social security was false and misleading.

COMPLAINT -11

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.76  Ms. Stokes stated that the lowest payment that the Defendant could accept from the Plaintiff would be two hundred two dollars ($202.00) per month.

3.77  Ms. Stokes' statement that two hundred two dollars ($202.00) was the lowest payment she could accept was a false statement.

3.78  Ms. Stokes' statement that two hundred two dollars ($202.00) was the lowest payment she could accept was a misleading statement.

3.79  Ms. Stokes stated that the Defendant would require a payment in the amount of twenty-five dollars ($25.00) for the month of January.

3.80  Plaintiff believed that if she did not pay the twenty five dollars ($25.00) to Ms. Stokes and also agree to pay two hundred two dollars ($202.00) per month, then Plaintiff's social security would be garnished.

3.81  Plaintiff gave her checking account number to Ms. Stokes so that Ms. Stokes could take twenty five dollars ($25.00) from the Plaintiff's checking account immediately.

3.82  Plaintiff authorized Ms. Stokes to withdraw two hundred two dollars ($202.00) per month from her checking account the following month.

3.83  Plaintiff authorized the withdrawals from her checking account because she believed that her social security money and 2011 tax return would be garnished if she did not.

COMPLAINT -12

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.84  While Plaintiff Barnes was reading her checking account information to Ms. Stokes, Plaintiff lost control of her bladder due to the extreme fear and emotional distress that she was experiencing.

3.85  Ms. Stokes advised Plaintiff that if any payments were missed, then the Plaintiff's account would be returned to "garnishment status".

3.86  Plaintiff interpreted Ms. Stokes' threat to return the account to garnishment status to mean that if a payment was missed then Defendant could garnish her social security income and income tax returns.

3.87  Ms. Stokes' threat to return the account to garnishment status if any payments were missed was a misleading statement.

3.88  Plaintiff called the U.S. Department of Treasury on January 16, 2012 to inquire whether her 2011 income tax return would be garnished.

3.89  Plaintiff was informed by the U.S. Department of Treasury that Plaintiff's 2011 income tax return could not be garnished by the Defendant.

3.90  Plaintiff called Defendant again on January 17, 2012 at approximately 12:10 P.M. and spoke with "Ms. Arcadia".

3.91  Ms. Arcadia is an employee of Defendant NCO Financial.

COMPLAINT -13

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax: (509) 413-1724

3.92   At all times relevant to this action, Ms. Arcadia was acting within the course and scope of her duties as an employee of Defendant NCO Financial.

3.93   One of Ms. Arcadia's job duties while working for Defendant NCO Financial is or was to collect debts or alleged debts that arose from transactions primarily for personal, family, or household purposes.

3.94   Ms. Arcadia regularly uses instrumentalities of interstate commerce, including the telephone, to collect debts.

3.95   Ms. Arcadia is a debt collector.

3.96   Plaintiff Barnes told Ms. Arcadia that she wanted to cancel the payment Plaintiff had set up the previous day.

3.97   Ms. Arcadia stated that she would inform Ms. Stokes of Plaintiff's request.

3.98   Ms. Arcadia stated that if there were no payment arrangements then the garnishments would continue.

3.99   Plaintiff Barnes closed her bank account to avoid the Defendant withdrawing money from it.

3.100  Ms. Arcadia's threat of garnishment was a false statement.

3.101  Ms. Arcadia's threat of garnishment was a misleading statement.

COMPLAINT -14

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

3.102 No money was garnished by the Defendant from the Plaintiff at any time.

## IV.    TRIAL BY JURY

4.1    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## V.    CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

5.1    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.2    Defendant NCO Financial violated 15 U.S.C. § 1692e(11) by failing to disclose in the answering machine message left for the Plaintiff in January 2012 that the Defendant is a debt collector.

5.3    Defendant NCO Financial violated 15 U.S.C. § 1692(e)(2)(A) by making false, deceptive and misleading statements which falsely represented the character, amount, or legal status of a debt.

5.4    Defendant NCO Financial violated 15 U.S.C. § 1692(e)(4) by representing that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or

COMPLAINT -15

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

sale of any property or wages of any person when such action may not lawfully be taken.

5.5   Defendant NCO Financial violated 15 U.S.C. § 1692(e)(5) by threatening to take and taking action which cannot lawfully be taken.

5.6   Defendant NCO Financial violated 15 U.S.C. § 1692(e)(10) by using false representations and deceptive means to collect or attempt to collect a debt.

5.7   Defendant NCO Financial violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

5.8   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

6.1   For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for the Plaintiff;

6.2   Actual damages;

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724

6.3   For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff;

6.4   For such other and further relief as may be just and proper.

Respectfully submitted this 27th day of December, 2012.

**KIRK D. MILLER, P.S.**

**/s Kirk Miller**
Kirk D. Miller
WSBA # 40025
211 E. Sprague Ave.
Spokane, WA 99202
Telephone:  (509) 413-1494
Facsimile: (509) 413-1724
kmiller@millerlawspokane.com

COMPLAINT -17

KIRK D. MILLER, P.S.
211 E. SPRAGUE AVE.
Spokane, WA 99202
Phone: (509)413-1494
Fax:  (509) 413-1724